UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONNY SUGGS,

        Plaintiff,                      CIVIL ACTION NO. 06-13931

       v.                               DISTRICT JUDGE GERALD E. ROSEN

MICHIGAN DEPARTMENT OF        MAGISTRATE JUDGE VIRGINIA M. MORGAN
CORRECTIONS OFFICER CABALLERO,

        Defendant.
_____/

## ORDER

This prisoner civil rights matter comes before the court on Plaintiff's Motion to Correct Filing Fee Assessments. Plaintiff asserts in the motion that funds in excess of the maximum allowed under 28 U.S.C. § 1915(b)(2) are being withdrawn from his prison account to pay the filing fees for this action and a previously filed action, both of which were filed in the United States District Court for the Western District of Michigan. He seeks an order directing Michigan Department of Corrections (MDOC) officials to cease withdrawing the excess funds.

Plaintiff was granted *in forma pauperis* status in this matter, and was presumably granted such status in the other case he refers to in his motion. A prisoner granted leave to proceed *in forma pauperis* must nonetheless pay the filing fee for initiating an action in federal court. See 28 U.S.C. § 1915(b). The statute requires the inmate to pay an initial, partial filing fee and to

-1-

thereafter make "monthly payments of 20 percent of the preceding month's income credited to the prisoner's account" when "the amount in the account exceeds $10." 28 U.S.C. § 1915(b)(2).

The statute does not expressly state whether the 20 percent limit applies on a per prisoner or a per case basis. In other words, if, as in this matter, an inmate has two pending civil actions in federal court, are prison authorities limited to withdrawing from the inmate's account a total of 20 percent of the preceding month's income (a "per prisoner" approach), or does the statute authorize a 20 percent withdrawal for each outstanding filing fee for a total withdrawal of 40 percent (a "per case" approach)? Plaintiff claims that § 1915(b)(2) limits prison authorities to withdrawing funds for the payment of filing fees on a "per prisoner" basis and that MDOC officials are currently withdrawing the funds on a "per case" basis in violation of the statute.

The Sixth Circuit has not addressed the question of whether § 1915(b)(2) permits collection of filing fees on a "per prisoner" or a "per case" basis. The Fifth, Seventh, and Eighth Circuits have adopted a "per case" rule, see Atchison v. Collins, 288 F.3d 177 (5th Cir. 2002); Newlin v. Helman, 123 F.3d 429, 436 (7th Cir. 1997); Lefkowitz c. City-Equity Group, Inc., 146 F.3d 609 (8th Cir. 1998), whereas the Second Circuit has adopted a "per prisoner" rule, see Whitfield v. Scully, 241 F.3d 264, 276-77 (2d Cir. 2001). One district court within the Sixth Circuit determined that the Sixth Circuit implicitly recognized a "per case" rule in McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997). See Lyon v. Kentucky State Penitentiary, 2005 WL 2044955 (W.D. Ky.). The district court thus denied an inmate's motion to "consolidate payment" of the filing fees owed in three pending actions.

While this court finds nothing in McGore that implicitly recognizes a "per case" rule, the court concludes that the "per case" rule represents the better reasoned approach. In Newlin, the Seventh Circuit stated the following in concluding that the "per case" rule applied:

> Just as we concluded that the complaint and the appeal can produce two strikes in a single case, so we hold that the fees for filing the complaint and appeal cumulate.  Otherwise a prisoner could file multiple suits for the price of one, postponing payment of the fees for later-filed suits until after the end of imprisonment (and likely avoiding them altogether).  The [Prison Litigation Reform Act] is designed to require the prisoner to bear some marginal cost for each legal activity.  Unless payment begins soon after the event that creates the liability, this will not happen.  A prisoner who files one suit remits 20 percent of income to his prison trust account; a suit and an appeal then must commit 40 percent, and so on.  Five suits or appeals mean that the prisoner's entire monthly income must be turned over to the court until the fees have been paid[.]

Newlin, 123 F.3d at 436.  In Atchison, 288 F.3d at 180-81, the Fifth Circuit concluded that the language of the statute, read as a whole, authorized collection of filing fees on a "per case" basis and that such an approach raised no serious constitutional questions.  This court agrees with the reasoning of Newlin and Atchison.  The court therefore concludes that MDOC officials may continue to withdraw funds from plaintiff's account on a "per case" basis.  Accordingly, **IT IS HEREBY ORDERED** that plaintiff's motion is **DENIED**.

                                              s/Virginia M. Morgan
                                              Virginia M. Morgan
                                              United States Magistrate Judge

Dated:  February 16, 2007

<s>
<p><s>
<p>2:06-cv-13931-VMM-VMM   Doc # 16   Filed 02/16/07   Pg 4 of 4   Pg ID 306</p>
</s>

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and pro se party via the Court's ECF System and/or U. S. Mail on February 16, 2007.

**Ronny Suggs**
141219
Oaks Correctional Facility
1500 Caberfae Highway
Manistee, MI 49660

                                              s/Jane Johnson
                                              Case Manager to
                                              Magistrate Judge Virginia M. Morgan

<s>
-4-
</s>