UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RONNY SUGGS,

               Plaintiff,               CIVIL ACTION NO. 06-13931

         v.                       DISTRICT JUDGE GERALD E. ROSEN

MICHIGAN DEPARTMENT OF      MAGISTRATE JUDGE VIRGINIA M. MORGAN
CORRECTIONS OFFICER CABALLERO,

               Defendant.
_____/

## REPORT AND RECOMMENDATION

      This prisoner civil rights matter comes before the court on Plaintiff's Motion for Relief

From Judgment.  Plaintiff seeks an order setting aside a judgment entered by the Honorable

Gordon J. Quist of the United States District Court for the Western District of Michigan

dismissing a prior civil rights case involving the defendant in this matter on the ground that

plaintiff had not totally exhausted his administrative remedies.

      In the prior action, which was based upon the same events that gave rise to this case,

Judge Quist determined that plaintiff had exhausted his administrative remedies as to defendant

Caballero, but that he had failed to establish exhaustion as to the other two named defendants.

Applying a total exhaustion rule,  Judge Quist dismissed plaintiff's complaint, in its entirety,

without prejudice.

-1-

Following the dismissal, plaintiff re-filed his claims against defendant Caballero, omitting the other two defendants from the complaint.  That matter was subsequently transferred to this court.  Plaintiff contends that Judge Quist erred as a matter of law in concluding that total exhaustion was required under the Prison Litigation Reform Act's exhaustion provision, codified at 42 U.S.C. § 1997e(a).  Plaintiff is not seeking any substantive relief regarding the claims raised in the prior action.  Rather, plaintiff claims that had Judge Quist dismissed the unexhausted claims only, he would not have been required to pay another filing fee.  He seeks an order setting aside the judgment, reinstating this matter under the prior case number, and relieving him of the obligation to pay the $350 filing fee assessed for the second action.

Plaintiff brings this motion pursuant to Fed. R. Civ. P. 60(b), which provides that a court may "relieve a party or a party's legal representative from a final judgment, order, or proceeding" for any of the reasons enumerated in subsections (1) through (6) of the rule.  It is well-settled that "[r]elief under Rule 60(b) ordinarily is obtained by motion in the court that rendered the judgment."  11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2865  (2d ed. 1995).  Under certain circumstances, where a judgment obtained in one district is registered in another pursuant to 28 U.S.C. § 1963, the court of registration may grant relief from the judgment.  Id.  However, absent registration, a rule 60(b) motion must be addressed to the court that entered the judgment.  Accordingly, this court lacks authority to set aside or modify the judgment entered by Judge Quist in the prior matter.

For the reasons stated above, the court recommends that plaintiff's motion for relief from judgment be **DENIED**.

-2-

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

S/Virginia M. Morgan                                    
Virginia M. Morgan
United States Magistrate Judge

Dated:  February 16, 2007

**<u>PROOF OF SERVICE</u>**

The undersigned certifies that the foregoing document was served upon counsel of record and pro se party via the Court's ECF System and/or U. S. Mail on February 16, 2007.

**Ronny Suggs**
141219
Oaks Correctional Facility
1500 Caberfae Highway
Manistee, MI 49660

<u>s/Jane Johnson</u>
Case Manager to
Magistrate Judge Virginia M. Morgan

-4-