UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONNY SUGGS,

        Plaintiff,                        CIVIL ACTION NO. 06-13931

       v.                                   DISTRICT JUDGE GERALD E. ROSEN

MICHIGAN DEPARTMENT OF         MAGISTRATE JUDGE VIRGINIA M. MORGAN
CORRECTIONS OFF. CABALLERO,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

**I. Introduction**

      This is a *pro se* 42 U.S.C § 1983 action in which the plaintiff, an inmate in the custody of the Michigan Department of Corrections (MDOC), alleges that defendant, an employee of MDOC, retaliated against him for exercising his rights under the First Amendment to the United States Constitution. The matter comes before the court on defendant's motion for summary judgment (D/E #48). Plaintiff filed a declaration in opposition to defendant's motion (D/E #50). For the reasons stated below, the court recommends that defendant's motion be **GRANTED IN PART**. Plaintiff should be barred from recovering mental or emotional damages to the extent he seeks such damages, but defendant is not entitled to summary judgment on plaintiff's entire action.

-1-

**II. Background**

    **A. Factual Allegations**

Plaintiff is currently housed at the Oaks Correctional Facility and he has previously been housed at the St. Louis Correctional Facility (Complaint, p. 2, ¶ 1). While incarcerated at the St. Louis Correctional Facility, plaintiff was one of two prisoner representatives to the Warden's Forum from housing unit two (Complaint, p. 3, ¶¶ 1-5). The role of the unit representatives is to assist housing staff in identifying and resolving problems which exist in the unit (MDOC Policy Directive 04.01.150, attached as Exhibit A to plaintiff's complaint).

Plaintiff alleges that, at a meeting on or about June 8, 2005, the prisoner representatives to the Warden's Forum decided to file a class action complaint against fourteen staff members, including defendant, for "Ethnic and Terroristic (sic) Intimidation" of inmates (Complaint, pp. 4-5, ¶¶ 12-14). Plaintiff also alleges that he prepared the complaint and submitted it to the prisoner benefit fund, seeking a grant of the filing fee (Complaint, p. 5, ¶ 15). Plaintiff further alleges that, on June 22, 2005, he prepared a letter to the warden enumerating the complaints against defendant and requesting an emergency meeting with the warden (Complaint, p. 6, ¶ 22).

According to plaintiff's complaint, on June 23, 2005, plaintiff was called out of the activity room by defendant, and directed to an area of the officers' station that was out of view of the unit video camera, known as the "bubble area." (Complaint, p. 7, ¶¶ 27-28) Plaintiff alleges that defendant then questioned plaintiff about what had been discussed at the meeting with the resident unit manager earlier that day (Complaint, p. 8, ¶ 30). Plaintiff also alleges that he refused to provide the information, and that defendant then instructed plaintiff to hand over

plaintiff's Warden Forum's file folder, which plaintiff did (Complaint, p. 8, ¶¶ 31-32). Plaintiff further alleges that, while defendant was looking through the file folder, defendant informed plaintiff that, "I can find a razor blade in your room whenever I want, and have your ass placed in segregation." (Complaint, p. 7, ¶ 34) Plaintiff alleges that he then moved from the bubble area to that part of the lobby area viewed by the unit video camera and defendant ordered plaintiff to return to the bubble area (Complaint, pp. 9-10, ¶¶ 36-37). According to plaintiff's complaint, defendant then ordered plaintiff back to his cell (Complaint, p. 10, ¶ 39).

Plaintiff also claims that, an hour later, defendant returned the file folder and informed plaintiff that, "[y]ou are not going to get away with this," and "I'm making sure you are no longer a unit representative. You will be receiving a major [misconduct] ticket." (Complaint, p. 10, ¶ 40) According to the complaint, defendant then announced over the public address system that plaintiff was no longer a unit representative and plaintiff has not been allowed to resume his duties since that time (Complaint, pp. 10-11, ¶¶ 41-42).

Plaintiff also claims that defendant issued a major misconduct ticket against plaintiff for failing to obey a direct order, citing plaintiff's refusal to return to the bubble area when so directed (Complaint, p. 11, ¶ 43) and that plaintiff was convicted of the charge on June 29, 2005, and losing privileges for three days (Complaint, p. 14, ¶ 55). Plaintiff further claims that, after the hearing, defendant searched plaintiff's cell while placing all of his property on the bed, scattering and tearing his legal materials, smashing all food items, walking on his bed linens, and squirting toothpaste into Plaintiff's gym shoes (Complaint, p. 14, ¶ 57). Plaintiff alleges that, on July 1, 2005, defendant refused to open plaintiff's door for dinner and plaintiff missed a meal

(Complaint, p. 16, ¶ 68) and that, when questioned by plaintiff later, defendant smiled and said "I did not think you were hungry." (Complaint, p. 17, ¶ 71).

Plaintiff further claims that, between July 5, 2005, and July 10, 2005, defendant ordered plaintiff to submit to numerous searches and began making comments to plaintiff such as plaintiff better watch his back, plaintiff's day is coming, plaintiff's should give up, and that rats don't live long (Complaint, pp. 19-20, ¶¶ 79-80). Plaintiff also alleges that defendant also announced over the public address system that, because plaintiff was sending complaints to the warden, it would be plaintiff's fault when the cells of the other prisoners were searched (Complaint, p. 18, ¶ 75).

According to plaintiff's complaint, on July 10, 2005, defendant began promising plaintiff that plaintiff would be transferred to another prison and that defendant's friends at the other prison would be waiting for plaintiff (Complaint, pp. 21-22, ¶ 84-88), and that plaintiff was transferred to the Muskegon Correctional Facility on July 11, 2005 (Complaint, p. 22, ¶ 89).

### B.  Procedural History

On September 6, 2006, plaintiff filed the complaint in the case before this court (D/E #6). In that complaint, filed pursuant to 42 U.S.C. § 1983, plaintiff alleged that defendant retaliated against plaintiff for the exercise of plaintiff's constitutional rights.

On November 20, 2006, defendant filed his first motion for summary judgment (D/E #9). In that motion, defendant argued that summary judgment in his favor is appropriate because plaintiff did not properly exhaust his administrative remedies for all of his claims. Defendant also argued that summary judgment in his favor is appropriate because plaintiff had not

demonstrated that he engaged in protected conduct and the doctrine of qualified immunity barred plaintiff's claims.

In plaintiff's response to defendant's first motion for summary judgment (D/E #13), he argued that, because the events forming the basis of his complaint began on June 23, 2005, and continued through July 10, 2005, his three grievances filed on July 1, 2005, were sufficient to satisfy the exhaustion requirement. Plaintiff also argued that he was engaged in protected conduct because he was a unit representative presenting inmate complaints and other prisoners would be unable to present their complaints without his help.

On August 24, 2007, this Court issued a report recommending that defendant's first motion for summary judgment be denied and the case proceed on plaintiff's properly exhausted claims of retaliation (D/E #21).

On September 28, 2007, the Honorable Gerald E. Rosen issued an order adopting this Court's Report and Recommendation (D/E #25).

### C. Motion Pending Before the Court

On May 12, 2008, defendant filed the motion for summary judgment pending before the Court (D/E #48). In that motion, defendant argues that plaintiff did not suffer any physical injuries in this case and, therefore, cannot recover any mental or emotional damages. Defendant also argues that, because the only possible injury plaintiff can have in this case is a mental or emotional injury and he is barred from recovering damages for such injuries, plaintiff's First Amendment claims must be dismissed pursuant to 42 U.S.C. § 1997e(e).

On May 29, 2008, plaintiff filed a response to defendant's motion for summary judgment (D/E #50). In that response, plaintiff argues that he is not seeking mental and emotional damages. Plaintiff also argues that he is seeking a declaratory judgment and damages for violation of his rights under the First Amendment and that such damages are not affected by 42 U.S.C. § 1997e(e). Plaintiff further argues that, even if his claims were covered by § 1997e(e), that section merely limits his recovery and it does not bar his action completely.

On June 3, 2008, defendant filed a reply to plaintiff's response (D/E #52). In that reply, defendant argues that, despite plaintiff's arguments, the alleged injuries plaintiff suffered must fall into the category of mental or emotional injuries because the only possible consequences he could have suffered would have been mental and emotional injuries.

### III.  Standard of Review

Defendant moves for summary judgment pursuant to Federal Rule of Civil Procedure 56(b), which states that "[a] party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move without or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-movant. See Matsushita Electric Industrial Co.,

Ltd. et al. v. Zenith Radio Corp., et. al., 475 U.S. 547, 587, 106 S.Ct. 1348, 1356 (1986); see also B.F. Goodrich Co. v. U.S. Filter Corp., 245 F.3d 587, 591-92 (6th Cir. 2001).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  Once the moving party has carried his burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial."  Matsushita, 475 U.S. at 587, 106 S.Ct. 1348.  The opposing party cannot merely rest upon the allegations contained in his pleadings.  Rather, he must submit evidence demonstrating that material issues of fact exist.  Banks v. Wolfe County Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003); Fed. R. Civ. P. 56(e).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587, 106 S.Ct. 1348 (quoting First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 1575, 1592 (1968)).

**IV.  Analysis**

42 U.S.C. § 1997e(e), entitled "Limitation on recovery," states: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).

As discussed above, defendant argues that plaintiff conceded at his deposition that he did not suffer any physical injury[1], and therefore the only conceivable injury that could otherwise

---

[1] Transcript of Plaintiff's Deposition, pp. 107-108; attached as Exhibit 1 to Defendant's Motion for Summary Judgment (D/E #48).

flow from a First Amendment violation is an injury for mental or emotional distress. Defendant also argues that since § 1997e(e) plainly bars recovery for such damages absent a physical injury, the case must be dismissed. In support of his argument, defendant cites Davis v. District of Columbia, 158 F.3d 1342, 1348-49 (D.C. Cir. 1998). In that case, the District of Columbia Circuit dismissed a case involving the Americans with Disabilities Act and the Rehabilitation Act where no physical injury was alleged based on the view that "1997e(e) precludes claims for emotional injury without any prior physical injury, regardless of the statutory or constitutional basis of legal wrong." See also Harris v. Garner, 216 F.3d 970, 984 (11th Cir. 2000) (en banc) (addressing constitutional violations that occurred during a shakedown and holding that the language "no action shall be brought" operates as a bar to a prisoner's entire suit alleging emotional damages absent physical injury).

Other Circuits have sustained claims by prisoners brought to enforce First Amendment rights, reasoning that "[a] deprivation of First Amendment rights standing alone is a cognizable injury." Rowe v. Shake, 196 F.3d 778, 781 (7th Cir. 1999); see also Canell v. Lightner, 143 F.3d 1210, 1213 (9th Cir. 1998) (holding that "the deprivation of First Amendment rights entitles a plaintiff to judicial relief wholly aside from any physical injury he can show, or any mental or emotional injury he may have incurred").

Still other Circuits have held that claims for First Amendment violations absent physical injury need not be dismissed outright, but § 1997e(e) limits recovery to nominal and punitive damages since compensatory damages must amount to recovery for mental or emotional injury. See Thompson v. Carter, 284 F.3d 411, 418 (2d Cir. 2002) (addressing claim based on

-8-

deprivation of medication); Allah v. Al-Hafeez, 226 F.3d 247, 250 (3d Cir. 2000) (addressing First Amendment free exercise of religion claims); Royal v. Kautzky, 375 F.3d 720, 722-23 (8th Cir. 2004) (addressing claims of retaliation for exercising First Amendment Rights); Searles v. Van Bebber, 251 F.3d 869, 875-76 (10th Cir. 2001) (addressing First Amendment free exercise of religion claims).

The Sixth Circuit has not addressed the issue in a published opinion. However, in an unpublished decision, the court reversed the district court and allowed a prisoner to argue for nominal, compensatory, and punitive damages flowing from a violation of his First Amendment rights. See Williams v. Ollis, Nos. 99-2168, 99-2234, 2000 WL 1434459, *2 (6th Cir. Sept.18, 2000) (unpublished) (citing Canell, 143 F.3d at 1213).

District Courts in the Eastern District of Michigan have generally taken the view that § 1997e(e) only limits recovery absent physical injury and does not bar the entire claim. See, *e.g.*, Meade v. Plummer, 344 F.Supp.2d 569, 573 (E.D. Mich. 2004) (Lawson, J.). In Meade, the court found that the "plain language of the statute does not require dismissal of constitutional claims in which no physical injury is present" and that the plaintiff could still "recover nominal, compensatory, and punitive damages, if appropriate, for all injuries except mental and emotional injuries." Meade, 344 F.Supp.2d at 573-574 (citations omitted). See also Zygaj v. Granholm, No. 07-14288, 2008 WL 2074388, *2 (E.D. Mich. May 14, 2008) (Battani, J.) (stating that the "majority of federal circuits agree that § 1997e(e) only bars claims for mental and emotional injury, not damages that do not involve mental or emotional injury" and adopting that majority view); Shabazz v. Martin, No. 00-73005, 2006 WL 305673, *6 (E.D. Mich. February 9, 2006)

(Hood, J.) (holding that the plaintiff in that case was not precluded from recovery of monetary damages pursuant to § 1997e(e) merely because he failed to demonstrate that he has suffered a physical injury). However, in Siggers-El v. Barlow, 433 F.Supp.2d 811 (E.D. Mich. 2006) (Tarnow, J.), the court held that § 1997e(e) is not applicable to a First Amendment claim. After reviewing authority from other districts, Siggers-El stated:

> The Court agrees with the foregoing authorities that § 1997e(e) is unconstitutional to the extent that it precludes First Amendment claims such as the one presented in this case. The Court holds that the jury was entitled to find that Plaintiff suffered mental or emotional damages as a result of Defendant's violation of his First Amendment rights. Any other interpretation of § 1997e(e) would be inconsistent with the law and also unconstitutional. [Siggers-El, 433 F.Supp.2d 811at 816.]

This Court finds that § 1997e(e) does not bar actions entirely and, instead, only limits the damages prisoners can recover by restricting compensation for mental or emotional injuries to those instances in which the prisoner can show physical injury. The plain language of the statute does not require dismissal of constitutional claims in which no physical injury is present and, as described above, most circuit courts that have considered this question have permitted such actions. Although the Sixth Circuit has not spoken to this issue in a published opinion, its decision in Williams, 2000 WL 1434459, illustrates its position that a plaintiff's First Amendment claim is not precluded from money damages simply because there is no physical injury. Lastly, a number of courts in the Eastern District of Michigan have taken a similar view.

In this case, the undisputed facts establish that no physical injury occurred and, consequently, any damages for mental and emotional injuries are barred by § 1997e(e).

However, this Court does not accept defendant's unsupported argument that the alleged injuries plaintiff suffered must fall into the category of mental or emotional injuries. Plaintiff does not identify in his complaint what relief he seeks, beyond requesting a declaratory judgment that defendant violated his constitutional rights, but he appears to allude to damages other than just mental or emotional injuries. For example, plaintiff alleges that, as a result of the retaliatory transfer, he lost his skilled job assignment at the St. Louis Correctional Facility. In light of the liberal reading accorded inmates' *pro se* pleadings, Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), this Court will not find that plaintiff only seeks damages for mental or emotional injuries and this Court therefore concludes that plaintiff may recover damages, if appropriate and authorized by law, for all injuries except mental and emotional injuries.

### V. Conclusion

For the reasons stated above, the court recommends that defendant's motions be **GRANTED IN PART**. Plaintiff should be barred from recovering mental or emotional damages to the extent he seeks such damages, but defendants are not entitled to summary judgment on plaintiff's entire action.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues,

but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991); <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

     Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

                                                      <u>s/Virginia M. Morgan</u>
                                                      Virginia M. Morgan
                                                      United States Magistrate Judge

Dated: January 13, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on January 13, 2009.

                                                      <u>s/Jane Johnson</u>
                                                     Case Manager to
                                                     Magistrate Judge Virginia M. Morgan